UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ROBLETTER BENNETT and GERALD BENNETT, Individually and as Parents and Natural Guardians of G.B. (age 4); BRENDA S. WORTHAM, as Mother and Natural Guardian of J.W. (age 10); BRENDA I. WORTHAM, as Mother and Natural Guardian of S.B. (age 4); and JEROME BENNETT,

                              Plaintiffs,

                         -against-

THE CITY OF NEW YORK, DETECTIVE JOSE DeJESUS (Shield 3101, 78th Squad), and POLICE OFFICERS, DETECTIVES and SUPERVISORS JOHN and JANE DOES 1-10,

                              Defendants.

------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

12 CV 323 (ENV)(RML)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about January 24, 2012, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York and Detective Jose DeJesus have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below; and

        **WHEREAS,** plaintiff G.B. is an infant who brings this lawsuit by his parents and natural guardians Robletter Bennett and Gerald Bennett; and

**WHEREAS,** plaintiff J.W. is an infant who brings this lawsuit by her mother and natural guardian, Brenda S. Wortham, and

**WHEREAS,** plaintiff S.B. is an infant who brings this lawsuit by her mother and natural guardian, Brenda I. Wortham; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay: plaintiff Robletter Bennett the total sum of Eight Thousand Five Hundred ($8,500.00) Dollars; plaintiff Gerald Bennett the total sum of Eight Thousand Five Hundred ($8,500.00) Dollars; plaintiff Jerome Bennett the total sum of Eight Thousand Five Hundred ($8,500.00) Dollars; plaintiffs Robletter Bennett and Gerald Bennett, as Parents and Natural Guardians of G.B. the total sum of Six Hundred Sixty-Six Dollars Sixty-Six Cents ($666.66); plaintiff Brenda S. Wortham, as Mother and Natural Guardian of J.W. the total sum of Six Hundred Sixty-Seven Dollars Sixty-Seven Cents ($666.67); and plaintiff Brenda I. Wortham, as Mother and Natural Guardian of S.B. the total sum of Six Hundred Sixty-Seven Dollars Sixty-Seven Cents ($666.67); in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to the dismissal, with prejudice, of all the claims against the defendants and to release the defendants, City of New York, Detective Jose DeJesus and the individuals named herein as "Police Officers, Detectives and Supervisors John and Jane Does 1-10," and any present or former employees and agents of the City of New York or any entity

represented by the Office of the Corporation Counsel, from any and all liability, claims or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world until the date of the general release, including claims for costs, expenses, and attorneys' fees.

3. Settlement of this action with respect to infant plaintiffs J.W., S.B. and G.B. is conditioned on compliance with the provisions set forth in Rule 83.2(a) of the Local Civil Rules of this Court ("Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions, and Conscious Pain and Suffering Actions") and Rule 1207 et seq. of the Civil Practice Laws and Rules for the State of New York and the Estates Powers and Trusts Law for the State of New York. Plaintiffs will prepare any documents necessary to comply with these provisions.

4. Each Plaintiff shall execute and deliver to the City attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations

or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7. Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

8. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
   **May 24**, 2012

Joel Berger, Esq.
Attorney for Plaintiffs
360 Lexington Avenue, 16th Floor
New York, NY 10017

By: _____ 5/24/12
Joel Berger
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants The City of New York and Detective Jose DeJesus*
100 Church Street
New York, New York 10007

By: _____
James F. Desmond, Jr.
*Assistant Corporation Counsel*

SO ORDERED:

Dated: New York, New York
   _____, 2012

_____
HON. ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE

5